Citation Nr: 1710343 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 14-22 597 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in St. Louis, Missouri


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

E. Choi, Associate Counsel





INTRODUCTION

The Veteran, who is the appellant, served on active duty from November 1967 to January 1971.

This matter first came before the Board of Veterans' Appeals (Board) on appeal from a January 2012 rating decision by the RO in St. Louis, Missouri, which denied entitlement to a TDIU.

In a February 2016 decision, the Board denied entitlement to a TDIU, which the Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). The Board's February 2016 decision was remanded pursuant to a November 2016 Joint Motion for Remand (JMR) on the basis that remand was warranted given that the Board failed to provide an adequate statement of reasons or bases regarding whether VA fulfilled its duty to assist the Veteran with the development of the claim on appeal. Pursuant to the November 2016 JMR, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ).


REMAND

Entitlement to a TDIU

The Board finds that remand is necessary to comply with the terms of the November 2016 JMR, which was adopted in the Court's November 2016 Order. In the November 2016 JMR, the parties agreed that the Board failed to provide an adequate statement of reasons or bases regarding whether VA fulfilled its duty to assist the Veteran with the development of the claim on appeal. In reaching this agreement, the parties noted that the Board concluded in its February 2016 decision that VA had made reasonable efforts to obtain relevant records adequately identified by the Veteran. Specifically, the Board noted that a September 2011 reply from Jefferson Regional Medical Center indicated that additional information was needed in order to comply with the request to furnish medical records, but the Board erroneously stated that the Veteran had indicated on the authorization to release medical records form that he was treated at that facility for a non-service-connected disability.

As such, the November 2016 JMR instructed the Board to remand the matter to the RO for the RO to obtain the appropriate authorization form and attempt to obtain any available and relevant records from Jefferson Regional Medical Center. The November 2016 JMR also instructed the Board to ensure that the Veteran is given notice of, and an opportunity to respond to, any additional evidence developed upon remand, and that the Veteran is provided the opportunity to submit additional argument or evidence.

In January 2017, the Veteran asserted his right to have the AOJ review any additional evidence obtained in development of the claim on appeal.

Accordingly, the case is REMANDED for the following actions:


1. The AOJ should request the Veteran provide VA with the information and authorization necessary to obtain relevant treatment records from Jefferson Regional Medical Center.

2. The AOJ should undertake additional efforts to obtain the Veteran's treatment records from Jefferson Regional Medical Center.

3. Efforts to obtain the above-referenced treatment records should be associated with the claims file and requests for these records should continue until the AOJ determines that the records sought do not exist or that father efforts to obtain those records would be futile. The AOJ should notify the Veteran in accordance with 38 C.F.R. § 3.159(e) if the records are unavailable.

4. Thereafter, readjudicate the issue of entitlement to a TDIU. If the benefit sought on appeal is not granted, the Veteran and representative should be provided with a Supplemental Statement of the Case (SSOC).


The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
J. PARKER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).